UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB STORM, | Case No. 2:20-CV-587 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Storm v. Las Vegas Metro Police Departmen et al.*, case number 2:20-cv-00587-JCM-EJY.

On July 20, 2020, the court granted defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion, dismissed plaintiff Jacob Storm's claims against it, and declined to exercise supplemental jurisdiction over Storm's claims against the U-Haul defendants. (ECF Nos. 7 (LVMPD's motion to dismiss); 15 (order)). The court's order was predicated on Storm's failure to respond to the motion vis-à-vis Local Rul2 7-2(d). (ECF No. 15). Local Rule 7-2(d) notwithstanding, the court found dismissal of Storm's complaint was appropriate because his claims were predicated on the purported misconduct of a single officer. *Id.* at 4–5. Thus, Storm failed to sufficiently allege any LVMPD action or policy. *Id.*

Shortly after this court entered its order, LVMPD and Storm stipulated to extend Storm's response deadline. (ECF No. 17). The parties' stipulation acknowledges that "[p]laintiff's response to the [m]otion to [d]ismiss was due on July 13, 2020." *Id.* at 2. The parties then explain that "Catherine Ramsey, Esq., the attorney assigned to the file **will be out of town** until

**James C. Mahan**
**U.S. District Judge**

Wednesday, July 22, 2020, and she requires time to draft a response to the [m]otion to [d]ismiss." *Id.* (emphasis added).

This court's local rules provide that "[a] request [to extend time] made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. Neither Storm nor Ms. Ramsey explain why she did not respond by the deadline. Ms. Ramsey's absence after the deadline has passed is immaterial. Ms. Ramsey has not shown that Storm's failure to respond by the July 13 deadline was the result of excusable neglect.

The court notes that it dismissed Storm's claims without prejudice. (ECF No. 15 at 6–7). Nothing in this order should be construed so as to deny Storm the ability to move to amend his complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' stipulation (ECF No. 17) be, and the same hereby is, DENIED.

DATED July 22, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**